UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIEL GUZMAN, #07424089,

    Plaintiff,           CIVIL ACTION NO. 07-CV-11516

v.                          DISTRICT JUDGE DENISE PAGE HOOD
                             MAGISTRATE JUDGE  R. STEVEN WHALEN

FEDERAL BUREAU OF
PRISON,  ET AL.,

    Defendant(s).
_____/

**REPORT AND RECOMMENDATION**

Before the Court is *Motion to Dismiss* [Docket #20] by Defendant Federal Bureau of Prisons ("BOP") which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons set forth below, I recommend that Defendant's motion be GRANTED on the basis of mootness.

**I.  BACKGROUND FACTS**

Plaintiff filed suit *pro se* on April 4, 2007, alleging violations of his Eighth Amendment rights by Defendant BOP.  *Complaint* at 1.  Although Plaintiff, a federal prisoner incarcerated at FCI-Milan at the time of the filing, seeks relief pursuant the Americans with Disabilities Act  ("ADA"), 42 U.S.C. §§12101 *et seq*. and 42 U.S.C. §1983,

his claim is construed as a *Bivens* action.[1]

Plaintiff makes the following factual allegations. In February, 2007, Plaintiff was examined after complaining of vision problems. *Complaint* at 2. He claims that although medical staff diagnosed him with a cataract and acknowledged that he required surgery, his repeated requests for eye surgery, along with a request for knee surgery, have been denied. *Id.* at 2-3. His complaint is accompanied by documentation showing that he petitioned various staff members for approval of the surgeries on at least seven occasions between March 15, and March 31, 2007. *Id.* at Exhibits A-K.

Plaintiff admits that he did not exhaust BOP's grievance requirements before filing suit, but contends his failure to exhaust should be excused because he requires surgery before his release from prison scheduled for July 12, 2007. Plaintiff does not seek monetary damages but requests an injunction requiring Defendants to provide the above-referenced medical treatment within 20 days. *Id.* at 2.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are

---

[1]*Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Bivens* "is the [federal] counterpart for § 1983 civil actions against state officials." *Hansen v. Williamson,* 440 F.Supp.2d 663, 675 (E.D.Mich.,2006) (Roberts, J.).

presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

### III. ANALYSIS

Defendant BOP argues that dismissal is appropriate because Plaintiff failed to exhaust his administrative remedies. *Docket #20* at 2. Citing 28 C.F.R. §§512.13 *et seq.*, Defendant provides evidence showing that Plaintiff failed to comply with the BOP's requirement that he appeal his grievance denials by the Regional Counsel to the General Counsel level. *Docket #20*, Exhibit A, ¶8; *Woodford v. Ngo,* 126 S. Ct. 2378, 165 L.Ed.2d 368 (2006).

Defendant, arguing further that the complaint is dismissible on its merits, contends that Plaintiff received regular and appropriate medical treatment. *Docket #20* at 2; Exhibit B. Finally, Defendant argues that because Plaintiff was released from prison in July, 2007, his claim for injunctive relief is moot. *Id.* at 3-4.

Defendant's argument for dismissal on the merits or for the failure to exhaust BOP's administrative remedies is eclipsed by the fact that Plaintiff's claim for equitable relief is now moot. Defendant's motion is accompanied by the declaration of Amy J. Standerfer, Senior Attorney for BOP, which states that Plaintiff was released on July 12, 2007 into the custody of Immigration and Customs Enforcement ("ICE"), presumably in preparation for

his deportation. *Docket #20*, Exhibit A, ¶2. The fact that Plaintiff has been released from prison mandates dismissal of his claim for injunctive relief. "A prisoner's claims for injunctive relief are mooted upon that prisoner's release or transfer." *Goldsborough v. Carlson,* 863 F.2d 48 (6th Cir. 1988). Likewise, in *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993)(*citing Preiser v. Newkirk,* 422 U.S. 395, 402-03, 95 S.Ct. 2330, 2334-35, 45 L.Ed.2d 272 (1975)), the court held that "the issue of declaratory relief became moot when [the plaintiff] was released from prison."[2]

In light of this Court's finding that Plaintiff's claim is moot, it will not consider Defendant's remaining arguments for dismissal. "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." *Preiser, supra,* 422 U.S. at 401-402, 95 S.Ct. at 2334. "[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Id. (citing North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). Therefore, in light of the fact that Plaintiff claim is mooted by his release, consideration of Defendant's other dismissal arguments is inappropriate.

### IV. CONCLUSION

---

[2] Moreover, Plaintiff has failed to provide this Court with a forwarding address subsequent to his July 12, 2007 release. Plaintiff's failure to inform either the Court or Defendants of his forwarding address mandates dismissal of the action. *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich.2007)(Ludington, J.). *See also Wade v. Gusman,* 2007 WL 1729569, *2 (E.D.La.2007) (The plaintiff's failure to supply an "appropriate address or any means of contacting him" is grounds for dismissal under Fed. R. Civ. P. 41(b).)

For the reasons set forth above, I recommend that Defendant's motion be GRANTED on the basis of mootness.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN

UNITED STATES MAGISTRATE JUDGE

Dated: January 11, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 11, 2008.

                              S/G. Wilson
                              Judicial Assistant