**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GABRIEL GUZMAN, #07424089,

      Plaintiff,

v.                                          Case No. 07-CV-11516
                                            Honorable Denise Page Hood
                                            Magistrate R. Steven Whalen

FEDERAL BUREAU OF PRISON, et al.,

      Defendant(s).

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.    BACKGROUND FACTS**

This action is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation ("R & R") [Docket # 24], which recommends that Defendants' Motion to Dismiss [Docket # 20] be granted. Plaintiff did not file objections to the R & R.

This action is also before the Court on Magistrate Judge Whalen's R & R and Recommendation ("Second R & R") [Docket # 25], which recommends that Plaintiff's Motion to Order Defendants to File a Response [Docket # 6] be denied as moot in light of the recommendation to dismiss the Complaint. Plaintiff did not file objections to the Second R & R.

Plaintiff filed this *Bivens* action[1] *pro se* on April 4, 2007, while he was a Federal Bureau of Prisons ("BOP") inmate. Plaintiff was released from prison on July 12, 2007 into the custody of Immigration and Customs Enforcement, presumably for deportation. In the Complaint, he

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *Bivens* "is the federal counterpart for §1983 civil actions against state officials." *Hansen v. Williamson,* 440 F. Supp. 2d 663, 675 (E.D. Mich. 2006).

alleges, pursuant to 42 U.S.C. §12101 and 42 U.S.C. §1983, that Defendant BOP violated the Eighth Amendment when it failed to provide him with needed eye and knee surgery. Plaintiff does not request monetary relief; rather, he seeks an injunction ordering Defendants to perform the surgeries within 20 days.

## II.  STANDARD OF REVIEW

### A.  Report & Recommendation

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### B.  Dismissal & Summary Judgment

Motions to dismiss should be construed as motions for summary judgment if the court is presented with – and considers – matters outside of the pleadings. Fed. R. Civ. P. 12(d). Summary judgment is proper if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988). The party moving for summary judgment bears the initial burden and need not support its motion with affidavits or other materials "negating " the opponent's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Adock v. Firestone Tire & Rubber Co.*, 822 F.2d 623, 626 (6th Cir. 1987). Rather, "the burden on the moving party may be discharged by showing . . . to the district court . . . an absence of evidence to support the nonmoving party's

2

case." *Celotex Corp.*, 477 U.S. at 325, 106 S. Ct. at 2554.

Once the moving party has met its burden of production, the nonmoving party must then go beyond the pleadings and by affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S. Ct. at 2553. The nonmoving party must do more than show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). It must present significant probative evidence in support of its complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11, 91 L. Ed. 2d 202 (1986).

When ruling on a summary judgment motion, a district court should view the evidence in a light most favorable to the nonmoving party. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991), *cert. denied*, 503 U.S. 939, 112 S. Ct. 1481, 117 L. Ed. 2d 624 (1992). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.

Summary judgment is generally improper if the non-movant has not been afforded sufficient opportunity for discovery. *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). A non-movant requiring additional discovery must file a Fed. R. Civ. P. 56(f) affidavit before the summary judgment motion is decided; the affidavit must set forth the details of the discovery needed. *Id.* at 1149. If the non-movant "makes a proper and timely showing" for additional discovery, the district court's entry of summary judgment without permitting additional

discovery will constitute an abuse of discretion. *Id.* (citing *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994)).

**III.  ANALYSIS**

The R & R concludes that Plaintiff's claim for injunctive relief must be dismissed as moot, because Plaintiff was released from the custody of The BOP on July 12, 2007. The Court agrees. "A prisoner's claims for injunctive relief are mooted upon that prisoner's release or transfer." *Goldsborough v. Carlson,* 1988 WL 125368, at *1 (6th Cir. 1988); *see also Lavado v. Keohate,* 992 F.2d 601, 605 (6th Cir. 1993).

The Court construes Defendants' Motion as one for summary judgment, because Plaintiff's release date was not included in the pleadings; rather, Plaintiff's release date was provided in an affidavit attached to Defendants' Motion to Dismiss. To survive a summary judgment motion once a defendant has negated a plaintiff's claim with an affidavit, a plaintiff must go beyond his pleadings to demonstrate "that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. Because Plaintiff has not rebutted Defendants' assertion that Plaintiff is no longer in BOP custody, Plaintiff's claim for injunctive relief cannot survive summary judgment and must be dismissed. *Lavado,* 992 F.2d at 607.

The R & R concludes in the alternative that Plaintiff's claim may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Court agrees. Rule 41(b) permits dismissal of a complaint if the plaintiff "fails to prosecute." Fed. R. Civ. P. 41(b). Here, Plaintiff has not provided the Court with an updated address since his release from BOP custody almost ten months ago. Nor has Plaintiff filed any other correspondence with the Court since he sent his June 5, 2007 letter to Magistrate Judge Whalen. The Court "cannot pursue Plaintiff's

cause of action for him." *Bunting v. Hansen,* 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007); *see also* Fed. R. Civ. P. 41(b). Accordingly, Plaintiff's claims may also be dismissed pursuant to Rule 41(b).

In light of the foregoing,

IT IS ORDERED that the R & R of Magistrate Judge Whalen [Docket No. 24] is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law with respect to Defendants' Motion to Dismiss.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [Docket No. 20] is **GRANTED**.

IT IS FURTHER ORDERED that the Second R & R of Magistrate Judge Whalen [Docket No. 25] is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law with respect to Plaintiff's Motion to Order Defendants to File a Response.

IT IS FURTHER ORDERED that Plaintiff's Motion to Order Defendants to File a Response [Docket No. 6] is **DENIED AS MOOT**.

IT IS FURTHER ORDERED that Plaintiff's Complaint is **DISMISSED** with prejudice.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 31, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager